IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINCOLN PROPERTY COMPANY, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:14-CV-675-TWT-WEJ |
| PARISS BO-BO and *All Other Occupants*, | |
| Defendant pro se. | |

**ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Defendant pro se, Pariss Bo-Bo, is facing dispossessory proceedings in the Magistrate Court of Clayton County, Georgia.  (See Pet. for Removal [1-1] & Attach.)  In an apparent effort to forestall those proceedings, on March 7, 2014, defendant filed in this Court a Petition for Removal of Action with a Federal Stay of Eviction Pursuant to 28 U.S.C. § 1446(d) [1-1] and an Application to Proceed in District Court Without Prepaying Fees or Costs [1].

The Court may grant defendant's leave to proceed in forma pauperis ("IFP") only if it appears from the financial affidavit that she is "unable to pay" the filing fee. 28 U.S.C. § 1915(a)(1).  "When considering a motion filed pursuant to § 1915(a),

'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" <u>Martinez v. Kristi Kleaners, Inc.</u>, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (quoting <u>Watson v. Ault</u>, 525 F.2d 886, 891 (11th Cir. 1976)). The Court has broad discretion to grant or deny an application to proceed <u>IFP</u>. <u>Id.</u> at 1306. A review of defendant's financial affidavit suggests that she is incapable of paying the filing fee. Accordingly, the Court **GRANTS** defendant's request to proceed <u>in forma pauperis</u> [1]. However, the Court is compelled to remand any action which has been improperly removed; therefore, the Court examines this case to determine if removal is proper.

In the Petition for Removal, defendant indicates that she is a resident of College Park, Georgia, and alleges that the dispossessory action violates, inter alia, the Due Process Clause of the Fourteenth Amendment and 15 U.S.C. § 1692 et seq. (the Fair Debt Collection Practices Act). (<u>See generally</u> Pet. for Removal.) Defendant seeks a stay of eviction proceedings and any other relief the Court deems just and proper. (<u>Id.</u> at 3.)

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." <u>McNutt v. Gen. Motors Acceptance Corp. of Ind.</u>, 298 U.S. 178, 189 (1936). Moreover,

2

AO 72A
(Rev.8/82)

removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand.  See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)-(b).  However, § 1441(b)(2) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought." Id. § 1441(b).  Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law.  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997).  Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction.  Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

As a resident of College Park, it appears that defendant is a Georgia citizen; thus, the Court does not have diversity jurisdiction over this Clayton County dispossessory action. Likewise, the document from state court defendant has attached to the petition indicates no federal question; rather it appears that she is attempting to invoke federal question jurisdiction on the basis of a federal defense or counterclaim. However, a defense to a civil action does not provide a basis for removal. See Vaden v. Discover Bank, 556 U.S. 49, 62 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); Arkansas v. Kan. & Tex. Coal Co., 183 U.S. 185, 188 (1901) ("[J]urisdiction is not conferred by allegations that defendant intends to assert a defense based on the Constitution or a law or treaty of the United States . . . ."). Thus, under the "well-pleaded complaint" rule, defendant has failed to demonstrate that the Court has subject matter jurisdiction over plaintiff's claim. Accordingly, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Clayton County pursuant to 28 U.S.C. § 1447(c).

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 13th day of March, 2014.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)